## CERTIFICATE OF SERVICE

I, **MARGOT WILENSKY**, hereby certify and affirm that a true and correct copy of the attached **ORDER** dated June 16, 2010, was served via overnight mail on this 17th day of June, 2010, upon the following:

>Bradley Baron
>45 Hillpark Avenue, Apt. 1M
>Great Neck, NY 11021
>Pro Se Plaintiff

>*/s/ Margot Wilensky*
>Margot Wilensky (MW-3181)

Dated:  New York, New York
         June 17, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BRADLEY BARON,

                          Plaintiff Pro Se,

                - against -

STAMINA PRODUCTS, INC. and
MERCANTILA, INC.,

                          Defendants.
-----------------------------------------------------------X

**ORDER**

CV 09-4351 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

In the Civil Conference Minute Order of June 1, 2010, I directed the parties to formulate a list of documents they seek to obtain from each other concerning the claims and defenses in this action and, in light of plaintiff's pro se status, to provide a copy to the Court. *See* DE 44. I have now reviewed defendants' list of requests (DE 46) and issue the following directive. Plaintiff is not required to provide federal and state tax returns as set forth in defendants' Request No. 18. Plaintiff **is** required to provide any W-2's and/or 1099s for the period requested.

Although tax returns are not absolutely privileged, courts have been reluctant to order their routine disclosure in the course of discovery. *See S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545 (S.D.N.Y. 1985); *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979). "The decision to disclose the returns involves a balancing of the policy of liberal discovery against the policy of maintaining the confidentiality of tax returns." *Cymaticolor Corp.*, 106 F.R.D. at 547 (citing *Sharp v. Coopers & Lybrand*, 83 F.R.D. 343, 352 (E.D. Pa. 1979)). The test set forth in *Smith v. Bader* establishes that in order for the court to order disclosure of tax returns, two conditions must be satisfied: (1) the court must find that the returns are relevant to the subject matter of the

action; and (2) there there is a compelling need for the returns because the information contained in them is not otherwise readily obtainable. *Bader,* 83 F.R.D. at 438. Defendant here has not asserted a "compelling need" that cannot be met by the production of the W-2s and/or 1099s. If defendant's counsel believes that a compelling meetings this, counsel may file an appropriate letter motion seeking such relief.

Defendant's counsel is directed to serve a copy of this order upon Plaintiff Pro Se forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
       June 16, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

2